[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in June 27, 1969 in Grosse Point Farms, Michigan. The parties have resided continuously in this state since 1979. There are 4 children issue of this marriage, 3 of whom are minors: Scott W. Kiernan, born August 16, 1974; Theodore J. Kiernan, born May 8, 1976; and Ryan H. Kiernan, born January 7, 1979.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of approximately 23 years. There are four children of the marriage — one child is over the age of 18 years — age 21 — and is currently living at home. Of the three remaining minor children, one child will reach majority on August 16, 1992 leaving two minor children issue of the marriage, aged 16 and 13.
The plaintiff throughout this marriage has assumed the traditional role of homemaker, devoting herself to the care and upbringing of the four children. A college graduate, she has done minimal tutoring in French. In February 1992, she obtained part-time employment as a data entry computer operator earning approximately $10 per hour. Her present net income is approximately $658 per month or $153 per week. Her estimated gross per year is approximately $10,000.
In 1987 the plaintiff developed cancer and as a result had a mastectomy and a year later underwent a second mastectomy along with reconstructive surgery, including silicone implants. The plaintiff is 49 years of age.
The defendant is 48 years of age and in good health. The defendant has spent his career working in the financial markets as a commodity trader. He has an impressive resume and has had a CT Page 7050 successful career in the financial world. Although he has held several employment situations during the marriage, his unemployment periods have been short and he has always provided a substantial income for himself and his family. His average annual earnings over the past 3 years has been approximately $176,000. His tax return for 1990 shows an income of approximately $250,000. The defendant's present compensation is $150,000 per year.
The defendant claims his present employment may come to an end in September 1992 or that his salary will be adjusted to $75,000 per year plus a percentage of commissions.
The court finds that the defendant has a present yearly income of $150,000. The court further finds that the defendant has not earned less than $136,000 in the past four years with a high as indicated of approximately $250,000 in 1988 and in 1990.
The plaintiff indicated the signs and realities of a breakdown in the marital relationship occurred five years ago. The defendant indicated it had been an unhappy marriage for a long time. The plaintiff was devastated when the defendant referred to her as half a woman shortly after her double mastectomy. The defendant left the marital home in 1991 indicating he had other avenues to, pursue, and in fact, is pursuing another relationship. The plaintiff referred to her marriage as a "Dictatorship". The defendant claims there were many arguments over money although the defendant controlled the purse strings.
No useful purpose would be served by a review of all the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. Sufficient evidence has been presented to make a finding that the marriage has irretrievably broken down and the court so finds. This court declines to assess the greater fault for the breakdown of the marriage to either party.
The court has carefully considered all the statutory criteria in arriving at the decisions reflected in the orders that follow. —
A. Real Estate
The marital residence located on Benenson Drive, Cos Cob, Connecticut, was purchased in 1979. The property is in both names. The parties agreed the real estate has a value of $600,000 subject to a mortgage in the amount of $162,000. This mortgage has a present fixed interest rate of 11 1/2%.
1. — To take advantage of the present lower interest rates, the court orders that within 30 days of date, the existing mortgage of $162,000 at 11 1/2% interest be refinanced at an interest rate CT Page 7051 less than nine percent per annum. The costs of any refinancing shall be added to the mortgage.
2. — On or before June 1, 1996, at the sole discretion of the plaintiff, the real estate located on Benenson Drive, Cos Cob, shall be placed on the market at a listing price agreed to between the parties and shall be sold.
3. — After the payment of the mortgage, real estate commissions, attorneys fees and usual closing costs, the net proceeds of the sale shall be divided 55% to the plaintiff and 45% to the defendant.
4. — Any fix-up expenses to make the home saleable shall be shared 55% by the plaintiff and 45% by the defendant.
5. — The plaintiff shall have exclusive possession of the marital home until it is sold. The plaintiff shall be responsible for the mortgage, taxes, insurance and utilities in connection with said home until it is sold.
6. — Until such time as the property is sold, any repairs to the marital home in excess of $150 shall be shared 55% by the plaintiff and 45% by the defendant.
7. — The court shall retain jurisdiction over any disputes in connection with the sale of the real estate.
8. — Each party shall be responsible for the capital gain in accordance with their respective percentage distribution.
9. — The court shall retain jurisdiction over any disputes in connection with the refinancing of the present mortgage. The intent of the court is to reduce the amount of the monthly mortgage payment to be paid by the plaintiff.
B. Alimony
1. — Commencing August 1, 1992 and monthly thereafter, the defendant shall pay to the plaintiff as periodic alimony the sum of $3,333.33 per month, annualized at $40,000 per year. Said alimony shall be paid during the lifetime of the defendant, the death or remarriage of the plaintiff, or the cohabitation by the plaintiff, as defined by statute.
2. — In fashioning the award of periodic alimony, the court has taken into consideration that the monthly mortgage payment will be reduced as a result of the refinancing of the present mortgage.
3. — The court contemplates that the plaintiff will be able to CT Page 7052 obtain full time employment provided her health does not deteriorate. The plaintiff has minimal skills at this time. The plaintiff shall be entitled to earn $25,000 per year before defendant may move for modification based on the plaintiff's increase in earnings.
4. — An immediate withholding is ordered.
C. Custody and Visitation
1. — There shall be joint legal custody of the minor children with physical custody to the plaintiff.
2. — The defendant shall be entitled to liberal, flexible and reasonable visitation with the minor children.
D. Child Support
1. — Of the three minor children, one child, Scott will reach the age of 18 on August 16, 1992. The court enters an order of child support in the amount of $100 per week commencing August 1, 1992 for the minor child Scott, said amount to be paid by the defendant to the plaintiff.
2. — The defendant is ordered to pay to the plaintiff as child support for each of the two remaining minor children the sum of $950 per month per child commencing August 1, 1992 until each child shall reach the age of 18, become emancipated or die.
3. — An immediate withholding is ordered.
E. Other Property
1. — The parties have a Citibank Focus account of approximately $18,000. From this account the following debts shall be paid:
a) the IRS indebtedness for the year ended December 31, 1989, in the amount of $2,504, plus interest,
b) the car insurance bill (approximately $2,000)
c) the July real estate taxes (approximately ($2,808.)
The remaining balance in the Focus account shall be equally divided between the parties. The Focus account balance shall be determined as of July 30, 1992.
2. — From the LIT American, account, the parties shall set aside a reserve of $8,000 to be applied toward the 7 month tax CT Page 7053 liability for the period January 1, 1992 through July 31, 1992 which may arise out of the defendant's underwithholding. This tax liability shall be determined as of December 31, 1992. Any tax deficiency shall be the sole obligation of the defendant.
The balance in the LIT American account shall be equally divided between the parties.
3. — The parties shall equally divide the following accounts:
 a) The New York Municipal Investment Trust ( $60,000 est.)
b) Bond Plywood (approx. $20,000)
c) People's Bank CD (est. $11,000)
d) Elders account (approx. $ 620)
e) Putnam Trust (approx. $7,000)
4. — The plaintiff shall be entitled to her U.S. Treasury Strip IRA account, her Paine Webber IRA account and her checking accounts.
5. — The defendant shall be entitled to his Citibank IRA, his Paine Webber IRA account, the Innis Arden Bond, and his checking account.
6. — The plaintiff shall be entitled to the 1986 Cadillac motor vehicle and the 1985 Toyota motor vehicle free of any claim by the defendant.
7. — The defendant shall be entitled to the 1985 Mercedes Sedan motor vehicle free of any claim by the plaintiff.
F. Debts
1. — Each party shall be responsible for the debts as shown on their respective financial affidavits.
G. Medical Insurance
1. — The defendant shall provide and maintain medical, dental and hospital insurance for the benefit of the minor children. Any unreimbursed medical, dental or hospital expenses shall be equally divided between the plaintiff and the defendant.
2. — The plaintiff shall be entitled to the COBRA provisions as are available, through defendant's employment at her own CT Page 7054 expense.
H. Life Insurance
1. — The defendant shall provide and maintain $250,000 of Life Insurance for the benefit of the plaintiff for so long as the defendant has an obligation for alimony.
2. — The defendant shall provide and maintain an additional policy of life insurance in the amount of $200,000 with the plaintiff and the minor children noted as beneficiaries thereon for so long as the defendant has an obligation of alimony and/or child support.
I. Miscellaneous
1. — The defendant shall be entitled to claim Theodore and Ryan as dependents for income tax purposes for the year 1992 and thereafter provided he is current in his payments of support.
2. — The defendant shall indemnify and hold the plaintiff harmless from any liability arising out of their filed joint income tax returns both federal and state.
3. — The Pendente Lite orders shall remain in effect through July 31, 1992.
J. Personal Property and Household Furnishings
1. — The court is cognizant of the fact that the plaintiff and the children will continue to reside in the marital home for a period of time. The court is concerned that the home not be stripped while the plaintiff and her family are still residing there.
2. — The parties shall divide as they shall agree the "Champions of the Seventies" collection and the miscellaneous wall hangings.
3. — The plaintiff shall be entitled to the sterling silver, including the sterling silver serving pieces and the Waterford crystal.
4. — The parties shall divide the remaining furniture and, furnishings as they shall agree keeping in mind that the plaintiff continues to make this a home for herself and her family. If the parties are unable to agree, they are referred to Family Services for mediation and if this is unsuccessful the parties shall return to court for a hearing and order thereon. CT Page 7055
K. Counsel Fees
The plaintiff is awarded counsel fees in the amount of $5,000. — Payable in ninety days. The court has considered the statutory criteria in making this award and has considered the distribution of the parties' assets as set forth above.
COPPETO, J.